UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**GERALD YANNACONE, individually &**
**on behalf of all similarly situated,**

    **Plaintiff(s)**

                                                  Case Number 1:19-cv-193
**v.**                                                   Class Action

**MERCHANTS AND PROFESSIONAL**
**BUREAU, INC. d/b/a**
**MERCHANTS AND PROFESSIONAL**
**COLLECTION BUREAU, INC.,**

    **Defendant.**
_____/

## Amended Complaint & Jury Demand

Pursuant to Rule 15 (a)(1), Fed.R.Civ.P., Plaintiff files the following Amended Complaint and states:

1.    The Plaintiff, Gerald Yannacone, individually and on behalf of all similarly situated, sues Defendant, Merchants and Professional Bureau, Inc. d/b/a Merchants and Professional Collection Bureau, Inc., for unfair debt collection practices in violation of the Fair Debt Collection Practices Act (FDCPA) and the Texas Debt Collection Act (TDCA).

2.    The Honorable Court has original jurisdiction over the FDCPA count and supplemental jurisdiction for the TDCA count.

1

3. In passing the FDCPA, Congress found "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a).

4. Abusive debt collection practices contribute to personal bankruptcy, marital instability, loss of jobs and invasions of individual privacy. *Id.*

5. There are means available other than misrepresentation or abuse for the effective collection of debts. 15 U.S.C. § 1692(c).

6. Debt collectors who follow the law and refrain from abusive debt practices suffer a competitive disadvantage as a result of the abusive debt collection practices of others (like the Defendant in this case). *See* 15 U.S.C. § 1692(e).

7. Section 1692d of the FDCPA makes it unlawful for a debt collector to engage in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

8. Section 1692e of the FDCPA makes it unlawful for a debt collector to use false, deceptive, or misleading representations or means in connection with the collection of a debt.

9. For example, a debt collector cannot make a false representation of the character, amount or legal status of any debt. 15 U.S.C. § 1692e(2), (5), (10).

10. Likewise, Section 1692f makes it unlawful for a debt collector to use unfair or unconscionable means to collect or attempt to collect at debt.

11. Title 5 Section 392.304 of the Texas Finance Code also makes it unlawful for a debt collector to use a fraudulent, deceptive or misleading representation in the collection of a debt.

12. For example, Under Title 5 Section 392.304 of the Texas Finance Code, a debt collector may not misrepresent the character, extent, or amount of a consumer debt, or misrepresent the consumer's debt status in a judicial or governmental proceeding. *Id.* at subsection (8).

13. Defendant is a Texas a corporation that conducts business in Austin, Texas, among other towns and cities.

14. Defendant is a debt collector.

15. Plaintiff is currently a resident of Georgia.

16. Plaintiff was a resident of Texas.

17. Plaintiff received health care services in Texas.

18. Defendant collects alleged unpaid health care service provider bills.

19. A health care service provider in Texas must submit a bill within a year of service. See Tex. Civ. Prac. & Rem. Code § 146.002.

20. A health care service provider is barred from collecting on any medical bills that it does not submit within a year of service. See Tex. Civ. Prac. & Rem. Code § 146.003.

21. Defendant has sought collections from Plaintiff for medical bills that occurred between February 2014 and April 2014 for health care services performed by Austin Family Medicine.

22. Austin Family Medicine did not bill for these health care services within the time period prescribed by Tex. Civ. Prac. & Rem. Code § 146.002.

23. Additionally, Austin Family Medicine did not sue Plaintiff within four years of the services being rendered.

24. Defendant sent Plaintiff a form letter dated October 26, 2018.

25. In the form letter, Defendant sought to collect $549.50 from Plaintiff for health care services provided that were time barred.

26. On October 30, 2018, Plaintiff submitted a dispute letter to Defendant.

27. On November 5, 2018, Plaintiff spoke to Defendant, confirming that Defendant received Plaintiff's dispute.

28. On November 19, 2018, Defendant submitted another form letter.

29. The form letters submitted by Defendant are misleading and deceptive.

30. The November 19th form letter states: "We have verified with our client that this balance is valid and owed. [Defendant] does not purchase debts. Our client has assigned the above reference account to us for the purpose of collecting on the outstanding balance due them."

31. In the second paragraph of the form letter Defendant states: "We deny the account is reported inaccurately. As required by law, we have marked your account to be reported as a disputed item. We report unpaid accounts to the three national credit reporting repositories."

32. At the bottom of the letter Defendant declares in capitalized bold lettering: "This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose."

33. The month before (October 2018) Defendant used a form letter that began as thus: "This is to inform you that the account listed has been turned over to us for collection."

34. First, Defendant does not disclose that the debts are time barred by Texas' four-year statute of limitations.

35. Second, Defendant does not disclose that the bills are barred from collection pursuant to Tex. Civ. Prac. & Rem. Code § 146.003.

36. The combination of Defendant's declarations implies that Defendant is acting under the color of law with the ability to collect monies through litigation.

37. Defendant's form letters seeking to collect time barred-debts is an unfair and deceptive practice.

38. The class is so numerous that joinder of all members is impracticable.

39. Defendant utilizes form letters.

40. Defendant has sent thousands of collection letters in Texas.

41. Plaintiff requested information from Defendant about the number of form letters it sent to individuals similarly situated to Plaintiff.

42. Defendant failed to provide any information regarding the number of form letters sent, the number of time-barred letters it sent or any information that would suggest that a class action would be inappropriate.

43. There are questions of law or fact common to the class.

44. Some of the questions of law and fact that are common to the class are whether submitting Defendant's initial form letter and subsequent verification letter for collection of time barred debts violates federal and state law.

45. The claims or defenses of the representative parties are typical of the claims or defenses of the class.

46. Plaintiff will fairly and adequately protect the interests of the class.

47. Plaintiff is a retired law enforcement officer.

48. Plaintiff seeks class certification pursuant to Rule 23(b), Fed.R.Civ.P.

49. The class is defined as any individual that: (a) received health care services in Texas, (b) where Defendant sent a time barred debt collection letter to, (c) within a year of Plaintiff receiving his letter to the time the class is certified.

**Count I - FDCPA**

50. Plaintiff(s) reincorporate paragraphs 1 through 49 as if fully stated herein.

51. Plaintiff(s) sues Defendant pursuant to 15 U.S.C. § 1692k.

52. Defendant is a debt collector.

53. Defendant utilizes form letters.

54. Defendant engages in unfair and deceptive trade practices.

55. Plaintiff(s) are consumers.

56. Defendant violated 15 U.S.C. § 1692e (2)(a), (5) and (10) in its communications with Plaintiff(s).

57. Defendant violated 15 U.S.C. § 1692f in its communications with Plaintiff(s).

58. Defendant violated 15 U.S.C. § 1692g(b) in its communications with Plaintiff(s).

59. Plaintiff(s) were harmed by Defendant's actions.

60. Defendant acted in reckless disregard of the federal law.

Wherefore, Plaintiff(s) demand trial by jury, class certification, judgment, actual damages, statutory damages, attorneys' fees and costs.

**Count II - TDCA**

61. Plaintiff(s) reincorporate paragraphs 1 through 49 as if fully stated herein.

62. Plaintiff(s) sue Defendant pursuant to Title 5 Section 392.403 of the Texas Finance Code ("TDCA").

63. Defendant is a debt collector.

64. Defendant utilizes form letters.

65. Defendant engages in unfair and deceptive trade practices.

66. Plaintiff(s) are consumers.

67. Defendant violated Title 5 Section 392.304 (8) and (19), Tex. Stat., in its communications with Plaintiff(s).

68. Plaintiff(s) were harmed by Defendant's actions.

69. Defendant acted in reckless disregard of state law.

Wherefore, Plaintiff(s) demand trial by jury, class certification, judgment, actual damages, statutory damages, attorneys' fees and costs.

Respectfully submitted this 10th day of April, 2019,

/s/ Bernard R. Mazaheri  
Bernard R. Mazaheri  
Texas Bar Number 24066628  
325 Shelby Street  
Frankfort, Kentucky 40601  
Tel – 863.838.3838  
Email – bernie@thelaborfirm.com

## Certificate of Service

I hereby certify that a correct copy of the foregoing will be served on all counsel of record via CM/ECF on this 10th day of April 2019.

/s/ Bernard R. Mazaheri  
Bernard R. Mazaheri